REGAN, Judge.
Plaintiff, Thomas M. Gorrie, the endorser of a promissory note, instituted this suit against the defendant, Michael A. Mel-laney, the maker thereof, endeavoring to recover the sum of $1,040, which amount he paid to the Alabama National Bank (payee) when defendant failed to liquidate the installments due thereon as they matured.
Defendant pleaded several exceptions, which were overruled, and then answered denying that he was indebted unto the plaintiff in any. sum whatsoever, for the reason that the plaintiff was not an accommodation endorser of the note — the money having been obtained to finance defendant’s traveling expenses as sales manager for a corporation of which plaintiff was the principal stockholder. _ '
From a judgment as prayed for defendant has prosecuted this appeal.
The record reveals that on or about June 8th, 1953, plaintiff and several of his business associates organized, in the State of Alabama, a corporation designated as' the Rancho' Floridian Furniture Company, with a paid in capital of approximately $10,100, $7,500 of which capital stock was subscribed and paid for by the plaintiff. On the same day that the corporation was organized, defendant, because of his intimate knowledge of the business, was employed as its sales manáger. • In conformity with the written terms of the contract of employment, he was to be paid for his services, rendered in this capacity, a commission of from two to five percent on all sales of furniture; and he agreed to “pay all of his expenses * * * out of * * * com *166 missions” except- “travelling expenses” incurred “at the request of the company.” Plaintiff related that a very short time thereafter or in the latter part of June, 1953, defendant informed him of his need for a loan of $1,000, which he desired to use for the liquidation of personal obligations and for the repair of his automobile; that a former employer (The Economy Furniture Company of Austin, Texas) owed defendant, on account of commissions earned on orders not yet delivered, the sum of $4,-500, and when this sum was paid, he would reimburse plaintiff for the loan of $1,000.00.
On July 3rd, 1953, defendant executed a promissory note made payable to the Alabama National Bank of Montgomery, Alabama, in the sum' of $1,050, payable in ten equal installments of $105 each. Since defendant was relatively unknown to the officers of the bank, plaintiff was requested to endorse the note and, as collateral security therefor, he pledged twenty shares of stock of the Alabama Power Company. Defendant failed to pay the first two monthly installments as they became due and, therefore, the bank, in the exercise of its option to accelerate the maturity of the note, called upon the plaintiff, as the endorser thereof, for full payment. Plaintiff paid the bank on September 23rd, 1953, the balance due on the note.
Defendant conceded that he received the amount of the loan and that he never made any effort to reimburse either the bank or plaintiff therefor. His only defense to this suit, as we have indicated elsewhere herein, is that the money was obtained to finance his expenses as sales manager for a corporation of which plaintiff was the principal stockholder. To lend credence to this defense he asserted that he visited High ■Point, N. Carolina, Panama City, Jacksonville and Miami, Florida, New Orleans, Louisiana, Dallas and Austin, Texas and Memphis, Tennessee and the money was expended during the course of these trips for traveling, hotel and incidental expenses. He laboriously endeavored to substantiate his defense by offering in evidence two itemized statements, one from the Peabody Hotel of Memphis, Tennessee, encompassing the days of August 18th to August 21st, 1953, in the- amount of $55.51 and the other from the Adolphus Hotel in Dallas, Texas from July 16th to July 21st, 1953, in the sum of $49.02. The statement from the Peabody Hotel reflected that the firm represented, by defendant on this occasion was the “Shaw Furniture Company” and the statement from the Adolphus Hotel reflected that the firm represented by the defendant was undesignated. Defendant also offered in evidence a bill from Foto-Vues of Weatherford, Texas, Manufacturers of Western Lamps and Hand Painted Shades, not addressed either to the defendant or the corporation, but addressed to the “Wishing Well, Route 3, Panama City, Florida”, which defendant asserted was for “a line of lamps essential to the corporation’s business.” We have examined this bill and the record in connection therewith and are unable to detei'mine either the amount thereof or the reason which prompted the defendant to offer it as a favorable evidential fact. It appears, to bear no significance or correlation to the issues raised herein. No other evidence was offered by the defendant to prove his contention that the loan was in fact procured and intended for the use and benefit of the corporation.
On the other hand, plaintiff produced the note and the receipt reflecting payment thereof by him. He related that neither he nor the corporation derived any benefit therefrom. On the contrary, he asserted that the money was obtained from the bank to liquidate the personal obligations of the defendant.
The only question posed for our consideration is one of fact and that is was the loan procured by the defendant to be expended by him in the interest of the corporation ?
The trial judge answered this question in the negative and our examination of the record discloses an abundance of evidence in support of his conclusion.
The record reflects that on July 3rd, 1953, ■the day the defendant borrowed the money from the bank the corporation had on de *167 posit $5,000 or $6,000, therefore, it taxes our credulity to believe, as defendant insists, that the loan of $1,050 was circuitously obtained by him for the ultimate use of the corporation. Plaintiff related that he was in good financial condition at the time the loan was obtained from the bank and this is borne out both by the valuable collateral which he pledged to the bank and, in the final analysis, by the actual payment of the note.
We reiterate the only evidence offered by the defendant to prove his contention that the money obtained from the bank was used in furtherance of the corporation’s business was his own testimony and two hotel bills which not only failed to bolster his defense but, in one instance, actually contradicted it.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.